IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JON A. MILLS,<br><br>    Plaintiff,<br><br> vs.<br><br>AMERICREDIT FINANCIAL SERVICES,<br>INC.,<br><br>    Defendant. | **8:19CV394**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant GM Financial Services Company, Inc.'s (hereinafter, "AmeriCredit")[1] motions to dismiss for failure to state a claim, Filing No. 4, and to strike the plaintiff's responses, Filing Nos. 12 and 14.  This is a *pro se* action for alleged violations of state and federal law in connection with the sale and repossession of a motor vehicle.

I.  BACKGROUND

In his generally rambling and incoherent eighteen-page *pro se* complaint, plaintiff Jon A. Mills ostensibly alleges claims for what he characterizes as "[b]reach of contract, constructive fraud, false and misleading statements, holding this debt on my credit, holding me liable for this debt, taking of my property, [and] violation of due process of rights" in connection with the purchase and eventual repossession of a 2015 Chevrolet Impala from Husker Auto Group under an installment credit contract 'approved and purchased by [defendant AmeriCredit Financial Services d/b/a GM].'"  Filing No. 1, Complaint at 1, 26-29.  He alleges that he tendered payment to the defendant in the form

---

[1] Plaintiff names "GM Financial Services Company, Inc." as the Defendant, but defendant states the correct entity name is AmeriCredit Financial Services, Inc. d/b/a GM Financial.  *See* Filing No. 5, Defendant's Brief at 1 n. 1; Filing No. 9, Corporate Disclosure Statement.  The Clerk of Court will be directed to correct the docket to so reflect.

of a Social Security form, "SSA 445" (an Application to Collect a Fee for Payee Services) to satisfy his debt and informed the defendant of his right to so under "the Act of March 9, 1933 H.R. 1491, 48 Stat. 1." He states that AmeriCredit refused to accept the offer of payment and informed him that that the documentation he submitted is "commonly used by persons involved in fraudulent debt elimination schemes." *Id*. at 2, 33. He acknowledges that AmeriCredit sent him a notice of default, right to cure and intent to repossess, and later repossessed the vehicle. *Id*. at 3, 17, 31-32. He further alleges his vehicle was sold at a private sale on December 19, 2017. *Id*. at 3, 30. In addition, he alleges various improprieties in connection with the defendant's "charging off" his debt and failing to document and credit the account in violation of the Fair Debt Collection Practice Act, the Fair Credit Reporting Act, and his Due Process Rights. *Id*. at 2.

The installment contract, other correspondence and documentation, regulations, and legislative history are attached to the complaint. *Id*. at 19-53. Correspondence from the defendant shows that the vehicle sold for $12,400.00, which was applied to Plaintiff's outstanding balance—leading to a deficiency of $9,090.88. *Id*. at 30. Mills seeks damages in the amount of $94,608. *Id*. at 17. His theory appears to be that a Federal Reserve note (i.e., United States currency) is not legal tender. *Id*. at 11-16.

The defendant asserts the complaint fails to state a claim on which relief can be granted. In support of the motion, the defendant submits the plaintiff's account payment history, the notice of default, right to cure, and notice of intent to repossess, and the retail installment contract. Filing No. 6, Index of Evid., Exs. 1-3.

In response to defendant's motion, the plaintiff states that "by law," he is

a financial institution, a depository institution, a body Corporate, and [he is ] recognized as such by law, Board of governors of the Federal Reserve

System, and of the States, of the United States, "AmeriCredit" cannot disprove this as it is codified in title 12, and title 15, and know they are going to get away with robbing me again, because they get to hide behind procedures of the Court, which they farewell knew I was not aware of and stated in the Complaint.

Filing No. 8, Response at 3. He relies on the Coinage Act of 1965, citing 31 U.S.C. 5103, entitled "Legal Tender," for the proposition that "Federal Reserve notes are not redeemable in any commodity, and receive no backing by anything, this has been the case since 1933. The notes have no value for themselves." *Id.*

II.   LAW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In deciding a motion to dismiss under Rule 12(b)(6), a court must accept the allegations contained in the complaint as true and draw reasonable inferences in favor of the nonmoving party. *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010). Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

3

When reviewing a *pro se* complaint, the court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

If matters outside the pleadings are presented the court, a motion to dismiss can be treated as one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). Nonetheless, "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014). A district court need not convert a motion to dismiss into a motion for summary judgment when, for example, it does not rely upon matters outside the pleadings in granting the motion. *Id.*

Further, the documents necessarily embraced by the complaint are not considered matters outside the pleading. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). A contract on which a claim rests is embraced by the pleadings. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003); *see also Stahl v. U.S. Dep't of*

*Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (stating that "[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss.").

"In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." *Henriksen v. Gleason*, 643 N.W.2d 652, 658 (Neb. 2002). To state a claim for fraudulent misrepresentation, a plaintiff must allege (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that the plaintiff suffered damage as a result. *Bott v. Holman*, 22 Neb. App. 229, 236–37, 850 N.W.2d 800, 807 (2014). False representations must be the proximate cause of the damage before a party may recover. *Huffman v. Poore*, 569 N.W.2d 549, 560 (Neb. Ct. App. 1997). A claim for the tort of conversion requires allegations of "an unauthorized assumption and exercise of the right of ownership over goods or chattels belonging to another to the alteration of their condition or the exclusion of the owner's rights." *Terra W. Corp. v. Berry & Co.*, 295 N.W.2d 693, 696 (Neb. 1980).

To state a claim for a violation of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, a plaintiff must allege (1) that he or she is a "consumer" as defined by the Act; (2) that the "debt" arises out of transactions that are primarily for personal, family, or household purposes; (3) that the defendant is a "debt collector" as defined by the Act; and (4) that the defendant violated the requirements of the FDCPA. *Smith v. Nationstar Mortg., LLC*, 756 F. App'x 532, 535-36 (6th Cir. 2018). "[C]reditors are not

liable under the FDCPA." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 69 (D.D.C. 2015). A creditor charges off a debt when it treats the debt "as a loss or expense because payment is unlikely." Black's Law Dictionary (11th ed. 2019). Nothing inherent in the process of charging off a debt precludes a claim for statutory interest, and a demand for such interest is not an actionable misrepresentation or unfair or unconscionable collection methods under the FDCPA. *Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 985 (8th Cir. 2016)

In order to state a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), a plaintiff must show: (1) an inaccuracy in plaintiff's credit report; (2) the plaintiff notified the credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of the FCRA. *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016). Notification of a dispute by a CRA triggers a furnisher's duty to investigate. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

There is generally no private right of action for violations of banking statutes and regulations. *Lantry v. Wallace*, 182 U.S. 536, 551 (1901). If those statutes are violated, it is "for the government, and not for the borrower, to complain of the bank's departure from the rule prescribed by statute"—-just as only the Attorney General, and not private citizens, may prosecute violations of the criminal law. *Id.* at 551.

To state a claim for a violation of due process rights, a plaintiff must allege he or she was deprived of a protected liberty or property interest. *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 445–46 (8th Cir.1995). A property interest may arise from

"'existing rules or understandings that stem from an independent source such as state law.'" *Skeets v. Johnson*, 816 F.2d 1213, 1214 (8th Cir.1987) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). However, "[n]othing in the language of the Due Process Clause . . . requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cnt'y Dep't. of Social Servs.*, 489 U.S. 189, 195 (1989).

III.    DISCUSSION

AmeriCredit does not dispute that the parties entered into an enforceable contract in that the defendant promised to extend credit to the plaintiff for the purchase of a vehicle, and the plaintiff promised to make monthly payments on his loan. The Court finds, however, that the plaintiff has failed to allege facts that show that the defendant breached the contract. In fact, the facts alleged show, on the face of the complaint, that the plaintiff himself breached the contract by tendering payment in a form not authorized under the contract, or, for that matter, under the law.

Further, the Court finds Mills fails to allege a claim for fraudulent misrepresentation because he does not identify any statements by AmeriCredit that were false. The only material statements AmeriCredit made to the plaintiff were that he owed money on his vehicle, that he needed to pay it, and that if he did not, his vehicle would be repossessed—all true statements. It is simply not plausible that AmeriCredit made any representation that the plaintiff could reasonably have relied on to conclude that he did not have to repay the loan in U.S. currency, or that the vehicle could not be repossessed.

With respect to the purported conversion claim, the complaint shows on its face that the defendant was authorized to take steps to repossess the plaintiff's vehicle under

the contract, which clearly created a security interest in the vehicle. The Court finds the plaintiff has not alleged facts sufficient to state claim for conversion.

Mills also fails to state a claim under the FDCPA because there are no allegations that the defendant is a debt collector. In fact, the allegations of the complaint and the attached documents show that AmeriCredit is a creditor, who is not liable under the FDCPA. Also, the plaintiff has not alleged that any "charging off" of a debt is in any way incorrect or misleading.

Further, the plaintiff does not state a claim under the FCRA because he has not alleged that the defendant furnished inaccurate information to a credit reporting agency or failed to investigate any dispute. The plaintiff points to no such inaccuracy and has not even alleged he disputed any information on his credit report. The facts alleged in the complaint show that, in fact, any report of a failure to pay according to the terms of the contract would be accurate. Although the plaintiff cites and quotes purported banking rules and regulations in his complaint, he has not alleged any facts that show the defendant failed to follow those rules and regulations. Even if he had, he would not be entitled to relief because there is no private right of action under the banking regulations. Similarly, Mills does not allege facts that state a claim for a violation of his Due Process rights. The defendant is not a state actor.

None of the defendant's allegedly improper actions would provide the plaintiff with the relief he seeks. He has not alleged any facts that would suffice to void the installment contract or to extinguish his debt. Unfortunately, the plaintiff's arguments are familiar to the Court. These and similar contentions by tax protesters and the like are

> regularly peddled on the less reliable corners of the Internet by tax protesters, "sovereign citizens," and other conspiracy theorists. [Plaintiff]

has joined the ranks of the unwary, unwise, and often desperate victims to be persuaded that taxes are voluntary, money isn't "money," and you don't really have to pay your bills. The truth: they aren't, it is, and you do.

*In re Anthony*, 481 B.R. 602, 609 (D. Neb. 2012). Accordingly, the Court finds Mills's complaint does not allege facts sufficient to state any plausible claim for relief and this action will be dismissed.

The Court need not address the plaintiff's motions to strike. The Court did not rely on the challenged submissions in ruling on this motion because the pleadings are totally lacking in merit. Therefore, the motions to strike will be denied as moot.

IT IS ORDERED:

1. Defendant's motion to dismiss (Filing No. 4) is granted;

2. Defendant's motions to strike the plaintiff's responses (Filing Nos. 12 & 14) are denied as moot.

3. This action is dismissed with prejudice.

4. A Judgment of Dismissal will be entered.

5. The Clerk of Court is directed to correct the docket to reflect the defendant is AmeriCredit Financial Services, Inc., d/b/a GM Financial and to mail a copy of this Memorandum and Order, as well as the Judgment of Dismissal to the plaintiff at his address of record.

Dated this 26th day of March, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge